**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

YUAN HONG YANG,

        Petitioner,

v.

ALBERTO R. GONZALES, Attorney
General [*],

        Respondent.

No. 04-9538
(No. A77-957-850)
(Petition for Review)

---

**ORDER AND JUDGMENT** [**]

---

Before **SEYMOUR** , **McCONNELL** , and **TYMKOVICH** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]     On February 4, 2005, Alberto R. Gonzales became the United States Attorney General. In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Mr. Gonzales is substituted for John Ashcroft as the Respondent in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Yuan Hong Yang is a citizen of the People's Republic of China who appeals the denial of his petition for asylum, restriction on removal, and relief under the United Nations Convention Against Torture (CAT). We remand for clarification of the basis for the decision to deny relief.

I.

Mr. Yang asserts that he started practicing Falun Gong[1] in January 1999. In July 1999, the Chinese government banned Falun Gong and began persecuting Falun Gong followers. According to Mr. Yang, in November 2000, the police searched his house, discovering and seizing Falun Gong books and videotapes. He was not arrested because he was not home at the time, but a friend with whom he practiced Falun Gong, and whose picture was among the materials seized from him, was arrested shortly thereafter. The police directed Mr. Yang's mother to have him report to them when he returned home.

Mr. Yang went into hiding, staying with various relatives, until he was smuggled out of China to the Netherlands in May 2001. He arrived in the United States in early June 2001 and petitioned for asylum, restriction on removal, and

---

[1] According to the record, "Falun Gong blends aspects of Taoism, Buddhism, and the meditation techniques and physical exercises of qigong (a traditional Chinese exercise discipline) with the teachings of Falun Gong leader Li Hongzhi." Admin. R. at 135.

relief under the CAT, all of which were denied. The Bureau of Immigration Appeals (BIA) affirmed without opinion, and Mr. Yang appeals.

## II.

Because the BIA summarily affirmed the Immigration Judge's (IJ) decision, we review the IJ's decision as if it were the decision of the BIA. *Wiransane v. Ashcroft*, 366 F.3d 889, 897 (10th Cir. 2004). In immigration proceedings, it is the province of the BIA and the IJ to make factual findings, including credibility determinations. Consequently, we do not disturb an IJ's factual findings, so long as "they are substantially reasonable and supported by specific, cogent reasons." *Sviridov v. Ashcroft*, 358 F.3d 722, 729 (10th Cir. 2004). But "our review is confined to the reasoning given by the IJ, and we will not independently search the record for alternative bases to affirm." *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004).

Applying these principles, our review of the proceedings in this case leaves us somewhat at a loss, as the IJ failed to make any explicit findings regarding Mr. Yang's credibility [2] and to set forth an exact reason for his decision to deny relief. The IJ apparently found Mr. Yang credible in at least some respects. *See* Admin. R. at 38 ("The respondent's testimony, although not *completely*

---

[2]    The government concedes this point in its response brief. *See* Aplee. Br. at 14 n.6.

convincing to this court, is sufficient to raise some ambiguity as to the manner of the respondent's entry . . .") (emphasis added); *id.* at 42 ("In this case, the Court is not convinced that the respondent is a *completely* credible witness.") (emphasis added). By the same token, though, these statements indicate at least partial disbelief in Mr. Yang's story. *See also id.* ("The fact that the case does have the clandestine supervision of a smuggler involved causes the Court to have some concern about accepting the respondent's statements at face value."). In concluding, the IJ seems to find that Mr. Yang is not a Falun Gong practitioner. *Id.* at 93 ("The Court is not convinced that the respondent has provided adequate evidence to show that he is a Falun Gong practitioner."). But rather than rely on this finding, he then seems to accept Mr. Yang's claim to being a Falun Gong follower, stating, "[i]t is absolutely clear that the respondent was not a *prominent member* of the Falun Gong movement in China, and on this record, the Court finds the respondent has not shown that there is any reason why he would be targeted in the future by the authorities in China." *Id.* at 43 (emphasis added). It is not clear whether this is an alternative holding, or the actual basis for denying relief.

"We cannot perform a meaningful review where the Board does not sufficiently articulate its reasoning." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003). We have stated that "[w]here doubts have been raised as to the

credibility of the applicant by either the Immigration Judge or the BIA, but the BIA makes no finding with regard to credibility, courts have held that the proper procedure is to remand to the BIA for a credibility determination." *Krastev v. INS*, 292 F.3d 1268, 1279 (10th Cir. 2002). And as recently articulated by another circuit court:

> The decision is so riddled with doubts regarding the veracity of [petitioner's] claim, that we cannot ascertain whether the immigration judge simply disbelieved all or some of [petitioner's] assertions or whether he actually assumed the truth of the testimony but nevertheless concluded that [petitioner's contentions] did not amount to persecution.
> This type of confusion over the immigration judge's credibility determination does not necessarily compel a conclusion that [petitioner] is entitled to asylum, but nevertheless warrants a remand to untangle the basis for the immigration judge's decision.

*Diallo v. Ashcroft*, 381 F.3d 687, 699 (7th Cir. 2004). In light of our difficulty in determining the IJ's exact findings and reasoning, we must remand for clarification.

The lack of specific findings is especially troublesome given the IJ's apparent belief that Mr. Yang would not face persecution in China if he were not a leader or "prominent member" of Falun Gong. Admin. R. at 43. Our review has not found any record support for this statement. To the contrary, the October 26, 2001 U.S. Department of State International Religious Freedom Report for China indicates that "[t]here were many thousands of cases throughout the year of individuals receiving criminal, administrative, and extrajudicial punishment for

-5-

practicing Falun Gong, admitting that they believed in Falun Gong, or simply refusing to denounce the organization or its founder." Admin. R. at 136; *see also id.* at 140 (indicating that Falun Gong practitioners have been subject to arrest and detention in reeducation-through-labor camps and psychiatric facilities, as well as other punishments). Similarly, the March 4, 2002 U.S. Department of State Country Report on Human Rights Practices for China states:

> Since the Government banned [Falun Gong] in 1999, the mere belief in the discipline (and since January, even without any public manifestation of its tenets) has been sufficient grounds for practitioners to receive punishments ranging from loss of employment to imprisonment. . . . [T]he great majority of practitioners have been punished without a trial.

*Id.* at 166; *see also id.* at 171 ("During the year, there were numerous credible reports of abuse and even killings of [Falun Gong] practitioners by the police and other security personnel . . . ."). Thus, to the extent that the IJ's decision rests on an erroneous belief that ordinary Falun Gong practitioners are not subject to persecution in China, it is not supported by substantial evidence in the record.

Because we have not been able to determine the exact basis for the IJ's decision to deny relief, and because the IJ's decision may have been based, at least in part, on a belief unsupported by the record evidence, we must remand "to untangle the basis for the immigration judge's decision." *Diallo*, 381 F.3d at 699.

The BIA's order is REVERSED and REMANDED for additional proceedings.

Entered for the Court


Michael W. McConnell
Circuit Judge